IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN M. GILLISPIE, | ) CASE NO. 1:21 CV 2251 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CARMEN J. GILLISPIE, et. al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

**I. Introduction**

On November 29, 2021, *pro se* plaintiff Jonathan M. Gillispie filed this action against his parents, Carmen J. Gillispie and Ralph M. Gillispie (Doc. No. 1). The brief complaint alleges Plaintiff was abandoned by his parents while he was still in high school, purportedly forcing Plaintiff to support himself. Plaintiff states that he "is suing because neither of [his] parents ... provided any financial support." Plaintiff appears to claim that he was left to financially support himself by obtaining dependency overrides to receive financial aid for college. Plaintiff attached to the complaint letters from his high school principal and teacher, a temporary guardianship form, and documentation apparently supporting the fact that he has been receiving dependency overrides.

Plaintiff asserts 18 U.S.C. §2255 as the basis for the Court's jurisdiction. The complaint

does not include a request for relief.

**II. Standard of Review**

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable

to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III. Discussion

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to identify a viable legal basis within the jurisdiction of this Court or a proper request for relief. Plaintiff asserts 18 U.S.C. §2255 as the basis for the Court's jurisdiction. This statute provides a civil remedy for an individual, while a minor, who was a victim of various crimes involving sexual abuse and who suffers personal injury as a result of such violation. *See* 18 U.S.C. §2255. Plaintiff's complaint fails to include any facts suggesting he was the victim of sexual abuse. And the Court finds there is no other cause of action readily identifiable in the complaint. Plaintiff's complaint fails to meet the minimum pleading requirements of Federal Civil Procedure Rule 8.

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### IV. Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 31, 2022